**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

STACY L. PLATA,

      Plaintiff,

v.                                                                    Civ. No. 25-396 MLG/GJF

JEFFREY GILKEY,
COSTCO WHOLESALE CORPORATION
and SUNLAND ASPHALT & CONSTRUCTION, LLC,

      Defendant.

## ORDER ON PLAINTIFF'S MOTION TO STRIKE OBJECTIONS

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant Costco Wholesale Corporation's Improper and Untimely Deposition Objections (Dkt. No. 42) ("Motion to Strike"). The Motion to Strike is fully briefed. *See* Dkt. No. 49 (Response), Dkt. No. 50 (Notice of Completion of Briefing). For the reasons stated below, the Court **GRANTS** the Motion to Strike.

Plaintiff asks the Court to strike Defendant Costco Wholesale Corporation's ("Defendant Costco's") Objections to her Notice of Rule 30(b)(6) Deposition (Dkt. No. 40) on the grounds that it was untimely and procedurally improper. She contends that the Objections were *untimely* because they were filed only four days before the scheduled Rule 30(b)(6) deposition and too late for the parties to receive an order from the Court in advance of that deposition. She argues that the objections were *improper* because Federal Rule of Civil Procedure 30 does not authorize the filing of written objections to Rule 30(b)(6) topics. She insists that the proper procedure for opposing Rule 30(b)(6) deposition topics was not to file objections but to seek a protective order in advance of the deposition or to otherwise move to limit the deposition pursuant to Rule 30(d)(3). Dkt. No.

1

42 at 2 (citing *Escano v. RCI, LLC*, No. 2:22-360 DHU/GJF, 2024 WL 1532749, at *7 (D.N.M. Mar. 1, 2024)).

As counsel advised at the June 4, 2026 status conference, Defendant Costco's Rule 30(b)(6) deposition took place by agreement, though Defendant Costco asserted blanket objections to the temporal scope of some deposition topics. Dkt. No. 47 at 1. In addition, Plaintiff indicated that she reserved the right to re-open the deposition should the need to do so arise. Dkt. No. 49 at 3 ("Plaintiff decided to move forward with the deposition despite [Defendant Costco's] objections and opted to preserve the right to re-open the deposition should the need to do so arise"); *see also* Dkt. No. 47 at 2 (Plaintiff's counsel explaining that if the Motion to Strike is resolved in her favor, an additional deposition of Defendant Costco's Rule 30(b)(6) representative will likely take place). Defendant Costco represents (and Plaintiff does not dispute) that during the Rule 30(b)(6) deposition, the deponent was instructed only once to withhold an answer to a question — when asked whether there were any falls in the subject parking lot between the incident giving rise to this suit and the time of the deposition (*i.e.*, May 2026). Dkt. No. 49 at 3. Defendant Costco explains that the deponent was instructed not to respond because the answer sought information related to subsequent remedial measures, which are inadmissible for the purpose of proving culpability. *Id*. (citing *Spect v. Jensen*, 863 F.2d 700, 701 (10th Cir. 1988)). Defendant Costco notes that Plaintiff has offered no grounds to support the relevance of subsequent parking lot falls or subsequent remediations to the parking lot. *Id*. To be sure, Plaintiff does not articulate any such grounds in her Motion, and she declined to file a reply. Nor did she (or Defendants) halt the Rule 30(b)(6) deposition to obtain a ruling from the Court as to the discoverability of those issues. Instead, the parties carried on in accordance with their agreement, with the instant Motion to Strike

pending and with Defendant Costco's objections stated on the record and filed on the Court docket.[1]

For its part, Defendant Costco did not move for a protective order or to limit the Rule 30(b)(6) deposition. And Plaintiff did not move to compel or to reopen the Rule 30(b)(6) deposition. As for the Motion to Strike that *is* before the Court, it stops short of requesting that the Court permit the reopening of the Rule 30(b)(6) deposition or decide the discoverability of the issues Defendant Costco addresses in its Objections and response brief. Rather, Plaintiff simply urges the Court to strike Defendant Costco's Objections to the Rule 30(b)(6) deposition notice as untimely and procedurally improper.

To the extent Plaintiff suggests that the filing of Defendant Costco's Objections was procedurally improper, the Court agrees. As the Court has previously observed,

> [There is] no support in the express language of Rule 30(b) for the serving of objections to Rule 30(b)(6) deposition topics in lieu of seeking a protective order. On the other hand, Rule 30(d) permits a court to "limit [a deposition's] scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3). In other words, Rule 30 specifically contemplates the narrowing of a deposition's scope *through a protective order. . . .* [I]t is not clear to the Court that [objections to a Rule 30(b)(6) notice] would have nullified [the corporate defendant's] obligation to produce a witness on the topics designated in the notice for which it did not file a motion for protective order. *See Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 2269780, at *1–2 (D. Kan. Feb. 29, 2023) (concluding that a party noticed under Rule 30(b)(6) "cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it").

*Escano,* 2024 WL 1532749 at *5–6. Because the Federal Rules of Civil Procedure do not explicitly provide a mechanism for limiting deposition topics through the filing of objections to proposed

---

[1] Federal Rule of Civil Procedure 30(c)(2) provides that "[a] person may instruct a deponent not to answer" under three circumstances: (1) when necessary to preserve a privilege; (2) to enforce a limitation ordered by the court (3) or to present a motion to terminate or limit the deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Given that no motion to limit the deposition is before the Court, none of these circumstances are present here.

topics, the Court is hesitant to adopt Defendant Costco's view that "a party is entitled to make and assert reasonable objections" to a deposition "just as a litigant does in response to written forms of discovery." Dkt. No. 49 at 2.  Even if the Court agreed with Defendant Costco on this point, the Federal Rules of Civil Procedure contemplate that objections should be *served* on a party seeking discovery, not *filed* with the Court. *See, e.g.*, Fed. R. Civ. P. 33(b)(2)–(4). And unless the party seeking discovery accepts the objections, or some agreement is reached as to the discoverability of the information sought, a motion to compel or for protective order must follow. *See, e.g.*, Fed. R. Civ. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer . . . if . . . a deponent fails to answer a question asked under Rule 30.").

Here, the parties limited the scope of the Rule 30(b)(6) deposition *by agreement*, albeit with Plaintiff's purported reservation of the right to re-open the Rule 30(b)(6) deposition and Defendant Costco's blanket objections. Nevertheless, as the Court understands Plaintiff's Motion, the present dispute is quite narrow and, now that the Rule 30(b)(6) deposition has occurred, largely academic. Nevertheless, because the Court agrees that, absent an agreement between the parties, a motion for protective order or motion to limit deposition is necessary to effectively limit the scope of a Rule 30(b)(6) deposition, and because the Federal Rules of Civil Procedure contemplate that objections to discovery are to be *served* rather than *filed* with the Court, the Court will grant Plaintiff's Motion to Strike Defendant Costco's Objections as procedurally improper. As a result, those Objections do not independently operate to limit the scope of permissible deposition topics under Rule 30(b)(6).

As a practical matter, the Court observes that if Defendant Costco intended for its Objections to operate as a motion for protective order, its approach was misguided. Likewise, if Plaintiff intended for her Motion to Strike to operate as a motion to compel deposition testimony,

her approach was similarly misguided. And if, as the Court anticipates, an outstanding dispute remains as to the discoverability of the deposition topics to which Defendant Costco purported to object, the parties should, absent any agreement reached amongst themselves,[2] present that dispute to the Court through a motion to compel, a motion to limit deposition testimony, a motion for protective order, or — perhaps most efficiently — by requesting an informal discovery conference with the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Costco Wholesale Corporation's Improper and Untimely Deposition Objections (Dkt. No. 42) is **GRANTED.**

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's counsel would do well to remember that "[b]efore or promptly after" any Rule 30(b)(6) notice is served, Rule 30(b)(6) requires "the serving party and the organization [to] *confer in good faith* about the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added).